UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

DANIEL WAYNE JONES                                                              PLAINTIFF

v.                                                              CIVIL ACTION NO. 4:12CV-P15-M

DAVIESS COUNTY DETENTION CENTER et al.                          DEFENDANTS

MEMORANDUM OPINION

Plaintiff, Daniel Wayne Jones, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed.

I. SUMMARY OF CLAIMS

Plaintiff, an inmate at the Daviess County Detention Center (DCDC), sues the DCDC, and DCDC employees Deputy Roberts, Captain Billings, and Sergeant Elschide.  He alleges that in October 2011 he had put his name on a list to change out his jump suit.  Deputy Roberts came to his area of DCDC and went down the list until he came to Plaintiff's name.  Plaintiff explained that he was not wearing underclothes and asked if he could step into the restroom for privacy.  Deputy Roberts told him no, and Plaintiff was left with no choice but to change his clothes without privacy in order to get the clean clothes.  He states that he was embarrassed, humiliated, laughed at, joked about, and felt very violated.  He states that when Defendants were made aware of what had happened they called him to their office, apologized, told him that the matter would be handled "professionally," and told him not to say anything to anyone.  Plaintiff states that he believes his constitutional rights were violated and wants the matter handled appropriately so it does not happen to anyone else.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff has not alleged a physical injury in connection with having to change his clothes without privacy.  A prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Applying this standard, the Sixth Circuit has repeatedly dismissed claims for purely emotional injury, humiliation, or affronts to dignity as lacking the requisite physical injury.  *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (affirming dismissal of claims for mental or emotional injury arising out of strip searches); *Robinson v. Corr. Corp. of Am.*, 14 F. App'x 382,

383 (6th Cir. 2001) (affirming dismissal of claims for "emotional distress, embarrassment, humiliation, and itching"); *Bey v. Garber*, No. 99-1471, 2000 WL 658721, at *1 (6th Cir. May 12, 2000) (alleged embarrassment suffered by inmate seen naked by female corrections staff failed to satisfy physical-injury requirement); *see also Knauer v. Fackler*, 3:10CV-P415-H, 2010 WL 5055775, at *2 (W.D. Ky. Dec. 3, 2010) (finding that the plaintiff had not alleged a claim for a strip search where no allegation of physical injury). Since Plaintiff alleges no physical injury in connection with his claim, Plaintiff's claim will be dismissed for failure to state a claim upon which relief could be granted.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date:


cc: Plaintiff, *pro se*
  Defendants
4414.009